**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORI LYNN RENDER,

       Plaintiff,

                                Case No. 02-73305
v.                               Hon. Gerald E. Rosen

INTERNAL REVENUE SERVICE,

       Defendant.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO AFFIRM**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      September 30, 2005

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

## I. INTRODUCTION

Plaintiff Lori Lynn Render, proceeding *pro se,* commenced this suit in this Court on August 14, 2002, challenging a determination by the Defendant Internal Revenue Service ("IRS") that she is liable for a Trust Fund Recovery Penalty ("TFRP") assessed against her as an officer of Renbro Corporation.[1] Defendant initially responded by moving to dismiss this case for lack of jurisdiction, a motion denied by the Court in a March 12, 2004 Opinion and Order.

---

[1] Although Plaintiff named the IRS as the Defendant, the United States is the proper party. See, e.g., Carelli v. Internal Revenue Service, 668 F.2d 902, 904 (6th Cir. 1982); Deleeuw v. Internal Revenue Service, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987).

By motion filed on March 26, 2004, Defendant now requests that the challenged IRS determination be affirmed, on the ground that the IRS Appeals Office did not abuse its discretion in issuing the Notice of Determination that is the subject of this suit. Plaintiff responded to this motion in a one-page letter, and Defendant, in turn, filed a reply brief on May 6, 2004 in further support of its motion.  Having reviewed the parties submissions and the record as a whole, the Court finds that it is appropriate to resolve this matter "on the briefs."  See Eastern District Local Rule 7.1(e)(2).  For the reasons set forth below, the Court concludes that Defendant's motion should be granted.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

By letter dated April 15, 1998, Plaintiff Lori Lynn Render was informed by the Defendant Internal Revenue Service ("IRS") that the agency planned to assess a Trust Fund Recovery Penalty ("TFRP") against her, as it had been unsuccessful in its efforts to collect certain taxes from a company, Renbro Corporation, for which Plaintiff served as an officer.  This letter further stated:

> If you agree with this penalty, please sign Part 1 of the enclosed Form 2751 and return it to me in the enclosed envelope.
>
> If you don't agree, have additional information to support your case, and wish to try to resolve the matter informally, contact the person named at the top of this letter within ten days from the date of this letter.
>
> You also have the right to appeal or protest this action, and you may also have the right to a delay before we collect the money.  You may request either of these within 60 days from the date of this letter . . . .  The instructions below explain how to make the request.

(Defendant's Motion, Ex. 1.)  The letter then informed Plaintiff that any desired appeal

should be directed to the Regional Director of Appeals.  Defendant states without contradiction, however, that Plaintiff did not pursue any such appeal.

Accordingly, on or around July 27, 1998, the IRS assessed a TFRP against Plaintiff in the amount of $43,808.54, encompassing taxes owed but not paid by Renbro Corporation from March of 1995 through September of 1997.  When this penalty had not been paid in full as of August 1, 2001, the IRS issued a Notice of Intent to Levy and Notice of Your Right to a Hearing, informing Plaintiff of the agency's intent to collect the TFRP assessment and advising her of her right to request a collection due process ("CDP") hearing with the IRS Appeals Office.  On August 20, 2001, the agency received Plaintiff's timely request for a CDP hearing, and this hearing was held on January 24, 2002.

On April 22, 2002, the IRS Appeals Office issued the Notice of Determination that Plaintiff challenges in the present suit.  In this Notice, the agency summarized Plaintiff's position as follows:  "You do not agree with the proposed collection action because you do not agree with the liability and your are not sure what the balance due is from." (Complaint, Ex. A, Notice of Determination at 3.)  The Notice then stated that Plaintiff's various requests for relief were denied, and that the IRS planned to proceed with its proposed collection action.

Regarding Plaintiff's liability challenge, the Notice stated that Plaintiff was precluded from raising this issue in light of her failure to pursue an appeal from the April 15, 1998 letter in which she was informed of the proposed TFRP assessment.  The Notice

3

also stated that Plaintiff had been given a further opportunity to submit documentation contesting her liability, but that she had not done so.  Next, regarding Plaintiff's challenge to the installment plan proposed by the agency as a means of paying her assessment, the Notice stated that Plaintiff had been given an opportunity to propose an alternative repayment plan, but that she failed to do so before the deadline set at the CDP hearing.

Having received this unfavorable Notice of Determination, Plaintiff timely commenced an appeal, albeit in the wrong forum.  In particular, on May 21, 2002, within the 30-day limit set forth in the Notice, Plaintiff commenced an appeal in U.S. Tax Court. Upon realizing that this was not the proper forum, Plaintiff commenced the present suit in this Court on August 14, 2002, once again challenging the unfavorable April 22, 2002 decision of the IRS Appeals Office.  Through its present motion, Defendant argues that this determination should be affirmed as an appropriate exercise of agency discretion.

### III.  ANALYSIS

In support of its present motion, Defendant argues that the IRS Appeals Office properly refused to entertain a challenge to Plaintiff's underlying tax liability at the CDP hearing, in light of Plaintiff's failure to pursue an available appeal at the time she initially was notified of the proposed TFRP assessment.  Defendant further contends that the Appeals Office did not abuse its discretion in adhering to the agency's proposed collection plan, where Plaintiff failed to suggest any sort of viable alternative plan for repayment of her tax liability.  The Court agrees on both scores.

The proper scope of a CDP hearing is set forth at section 6330(c) of the Internal

Revenue Code ("IRC"), 26 U.S.C. § 6330(c). As pertinent to this case, an individual may challenge her underlying tax liability at a CDP hearing only "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Here, the IRS sent an April 15, 1998 letter to Plaintiff advising her of the proposed TFRP assessment against her, and informing her of her right to appeal or protest this proposed assessment. Yet, Plaintiff failed to pursue any such challenge.

Under similar circumstances, the courts have held that a taxpayer may not resurrect the issue of his or her underlying tax liability at a subsequent CDP hearing. See, e.g., Jackling v. Internal Revenue Service, 352 F. Supp.2d 129, 132-33 (D.N.H. 2004); Pelliccio v. United States, 253 F. Supp.2d 258, 261-62 (D. Conn. 2003); Konkel v. Commissioner of Internal Revenue, 2000 WL 1819417, at *3-*4 (M.D. Fla. Nov. 6, 2000). Moreover, "because judicial review under § 6330 is limited to issues properly raised during the collection due process hearing," this Court lacks jurisdiction to review the merits of Plaintiff's underlying tax liability. Pelliccio, 253 F. Supp.2d at 262; see also Jackling, 352 F. Supp.2d at 132-33. Accordingly, the Court may not overturn the Appeals Office's determination that Plaintiff was precluded from contesting her underlying tax liability at the CDP hearing, nor may the Court itself revisit this question of liability.

This leaves only Plaintiff's challenge to the IRS's proposed plan for collecting the

unpaid balance of the TFRP assessment[2] — namely, via an installment plan of $853 per month. Plaintiff apparently contends that this repayment plan is not feasible, and rests upon an erroneously low estimate of her monthly expenses. She also appears to maintain that she was not given an adequate opportunity to suggest an alternative payment plan, and that the agency has unreasonably refused to entertain any settlement proposals for less than the full amount still owed on her TFRP assessment. As Defendant points out, the Court reviews the Appeals Office's determinations on these points for an abuse of discretion. See Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625 (6th Cir. 2005); Jackling, 352 F. Supp.2d at 133.

      The Court finds no such abuse of discretion here. Regarding Plaintiff's challenge to the feasibility of the IRS's proposed repayment plan, she argues that this plan incorporates an estimate of her monthly expenses that fails to comport with her actual expenses. More specifically, Plaintiff states that she already refinanced the mortgage on her home in order to make her tax payments to date, resulting in a monthly mortgage payment that exceeds the IRS's estimate of her monthly housing expenses. Yet, Defendant states without contradiction, and the agency's Notice of Determination also explains, that Plaintiff was given an additional allowance in the agency's estimate of her monthly expenses that "represents the portion of your house payment that was increased when you refinanced your personal residence to pay the IRS." (Complaint, Ex. A, Notice

---

[2]It appears from the record that this unpaid balance stood at $25,775.06 as of January of 2003.

of Determination at 5.)

Nonetheless, Plaintiff apparently contends that this additional allowance still is insufficient to reflect the full amount of her increased mortgage payment.  Once again, however, the Notice of Determination states that Plaintiff was invited at the January 24, 2002 CDP hearing to submit additional documentation on this point by February 29, 2002, but that she failed to do so.[3]  The Court cannot say that the Appeals Office abuses its discretion by granting a taxpayer a limited opportunity to provide post-hearing documentation in support of a challenge to a proposed repayment plan, and then going forward with this plan when the taxpayer fails to take advantage of this opportunity.

Indeed, given that one of the central purposes of a CDP hearing is to consider "challenges to the appropriateness of collection actions," 26 U.S.C. § 6330(c)(2)(A)(ii), and given that Plaintiff evidently sought to raise such a challenge, it would seem reasonable to expect that Plaintiff would have arrived at the CDP hearing with all the financial and expense-related information necessary to establish that the IRS's proposed repayment plan was unworkable.  See Olsen v. United States, 414 F.3d 144, 151 (1st Cir. 2005) (citing a Treasury Regulation that requires taxpayers to provide "all relevant information" requested by the Appeals Office for consideration of the issues to be addressed at a CDP hearing).  At a minimum, Plaintiff should have been able to gather

---

[3]Even in her complaint in the present action, Plaintiff merely states that her house payment has increased by $450 per month, without in any way indicating how this figure compares with the increased allowance used in the IRS's estimate of Plaintiff's monthly expenses.

7

and submit the appropriate documentation within a short time after the CDP hearing. Yet, as stated in the Notice of Determination, she did not do so, nor has she endeavored to explain why she could not do so within the deadline established at the CDP hearing. The Court discerns no abuse of discretion under these circumstances. See Olsen, 414 F.3d at 151-54.

Neither can the Court say that the Appeals Office abused its discretion by failing to accept an offer of compromise. Initially, Defendant indicates in its motion, and Plaintiff does not dispute, that Plaintiff did not propose any sort of alternative collection scheme or compromise payment amount during the course of the January 24, 2002 CDP hearing itself. Moreover, when Plaintiff once again was given additional time, until February 29, 2002, to propose an alternative collection plan, the record indicates — and again, Plaintiff does not dispute — that no such alternative proposal was forthcoming by the established deadline. See Jackling, 352 F. Supp.2d at 133 (observing that the Appeals Officer in that case "could not have abused his discretion in rejecting an offer he never received"); Pelliccio, 253 F. Supp.2d at 262 (noting that the taxpayer in that case "did not propose any alternatives," despite being advised by the Appeals Officer "numerous times that he would consider any proposed alternatives to collection").[4]

---

[4] In her complaint, Plaintiff seemingly suggests a link between her inability to timely propose an alternative repayment plan and the IRS's failure to produce certain "tax transcripts" for her review at the CDP hearing. Since the formulation of a feasible repayment plan presumably depends upon financial information that is uniquely within Plaintiff's own knowledge and possession, the Court fails to see the relevance of Plaintiff's complaint about a failure to provide "tax transcripts." Moreover, the Notice of Determination states, and Plaintiff does not dispute, that Plaintiff was given printouts at the CDP hearing that disclosed the

Even at this late date, Plaintiff has failed to suggest a viable repayment scheme. The only such plan even alluded to in her submissions to this Court is a suggestion that the IRS could continue its practice to date of applying her annual federal tax overpayments and refunds toward reducing her outstanding tax liability. Yet, as Defendant notes, there is no indication that Plaintiff ever proposed such a scheme before the Appeals Office issued its Notice of Determination — and, again, an agency does not abuse its discretion by failing to entertain an offer that was never presented for its consideration. Moreover, Defendant aptly observes that this repayment proposal is riddled with uncertainty, where the amount of Plaintiff's refund each year is unknown and subject to variation, and where Plaintiff herself can exercise considerable control over this amount by changing her tax withholdings.[5]

Finally, Plaintiff argues that the IRS has unreasonably refused her offers of compromise. Once again, of course, it does not appear that any such offers were made during the course of the administrative proceedings. Moreover, the IRS is vested with the discretion to decide whether to accept or reject such an offer, see Olsen, 414 F.3d at 153, and the agency does not abuse this discretion by rejecting an offer on the basis that the

---

computation of the TFRP assessment, and that the information on these printouts was explained to her at the hearing. Finally, Plaintiff even now fails to explain what information might be necessary, but yet has not yet been provided, in order to enable her to formulate a proposed alternative plan for repaying the outstanding balance of the TFRP assessment.

[5]Defendant further observes that this proposal is largely illusory, as the IRS already is entitled by statute to apply any overpayments toward Plaintiff's outstanding tax liability. See 26 U.S.C. § 6402(a).

9

taxpayer has the means to pay a greater amount (or all) of her liability under a suitable repayment plan, see Jackling, 352 F. Supp.2d at 133.  This is precisely what the agency has determined here, and Plaintiff has not persuaded the Court that the agency erred on this point, much less abused its discretion.

### IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's March 26, 2004 Motion to Affirm is GRANTED.


                s/Gerald E. Rosen
                Gerald E. Rosen
                United States District Judge

Dated:  September 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2005, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager